Filed 8/6/24  P. v. Lamaire CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GASTON LAMAIRE,<br><br>    Defendant and Appellant. | 2d Crim. No. B335275<br>(Super. Ct. No. 24PT-00004)<br>(San Luis Obispo County) |

Gaston Lamaire appeals from the judgment entered after the trial court determined he met the criteria for continued commitment as an offender with a mental health disorder (OMHD).  (Pen. Code, § 2962.)[1]  We appointed counsel to represent appellant on appeal.  After an examination of the record, counsel filed an opening brief raising no arguable issues in accordance with the procedures set forth in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*) and *People v. Taylor* (2008) 160 Cal.App.4th 304 (*Taylor*).

---

1 All further statutory references are to the Penal Code.

Appellant filed a supplemental brief raising no issues of merit. Accordingly, we dismiss the appeal.

*Procedural Background*

In November 2023, the Board of Parole Hearings (BPH) determined that appellant met the requirements for continued commitment as an OMHD pursuant to section 2962. Appellant filed a petition contesting that determination.

Appellant waived jury, and the trial court conducted a hearing on the petition. Dr. Rebecca Aponte, a forensic psychologist, testified that she reviewed appellant's records and prior evaluations, spoke to his treatment team, and met with appellant. Dr. Aponte concluded that appellant met the requisite criteria for continued commitment.

After listening to testimony and considering the evidence, the trial court found appellant was a person described in section 2962 and ordered his continued commitment for another year.

*Discussion*

Because the instant appeal is from an OMHD commitment proceeding rather than a first appeal as of right from a criminal conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (See *Ben C.*, *supra*, 40 Cal.4th at pp. 537-539; *Taylor, supra*, 160 Cal.App.4th at p. 312.) He is, however, entitled to appellate consideration of any contentions raised in his supplemental brief. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 232.)

In his supplemental brief, appellant contends he is not a "substantial risk to others." He contends that if he was a "danger to the community, [he] would be a danger to this community." But Dr. Aponte testified that appellant remained a substantial danger because he was not in remission, his past patterns

involved a lack of violence in custody, and his history of significant violence involved the same types of delusions he was continuing to experience.  As such, appellant's contentions are meritless.

*Disposition*

The appeal is dismissed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

3

Barry T. Labarbera, Judge

Superior Court County of San Luis Obispo

_____

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.